IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

DAVID LEE ERICKSON,

                       Petitioner,

     v.

MARK NOOTH,

                       Respondent.

Civ. No. 2:09-cv-1227-SU

FINDINGS AND
RECOMMENDATION

**SULLIVAN, Magistrate Judge:**

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of several underlying state court convictions. For the reasons set forth below, petitioner's Second Amended Petition for a Writ of Habeas Corpus (#42) should be denied.

## BACKGROUND

This case arises out of numerous state court convictions based on two independent sets of sexual abuse against two separate children. On September 2, 1999, the Klamath County Grand Jury

indicted petitioner for sexual offenses allegedly committed between 1992 and 1995 against S.E.W., who was under the age of 12 during this time period. Respondent's Ex. 104. The Indictment listed two counts of Rape in the First Degree, four counts of Sodomy in the First Degree, two counts of Unlawful Sexual Penetration, and two counts of Sexual Abuse in the First Degree. *Id.* On December 7, 2000, the Klamath County Grand Jury indicted petitioner for sexual offenses allegedly committed between 1991 and 1992 against K.B., also a child under the age of 12 during the relevant time period. Respondent's Ex. 105. This Indictment listed one count of Rape in the First Degree and six counts of Sexual abuse in the First Degree. *Id.* The cases were consolidated for trial. Respondent's Ex. 102.

Petitioner retained Samuel McKeen ("McKeen") as defense counsel shortly before trial, after being dissatisfied with his representation by several previous attorneys. Respondent's Ex. 146, p. 1; Respondent's Ex. 154, p. 4:15-23. McKeen obtained a 24-month plea offer on petitioner's behalf. Respondent's Ex. 154, p. 5:5-8. Against McKeen's advice, petitioner rejected the plea offer and proceeded to trial by jury. Respondent's Ex. 152, pp. 5:24-6:3. The jury convicted petitioner on all counts on May 13, 2002. Respondent's Ex. 102, 103. Following a lengthy sentencing process involving a correction to petitioner's sentence, a vacated sentence, and a re-sentencing, the trial court ultimately sentenced petitioner to 303 months of incarceration. Respondent's Ex. 102, 103, 108, 151.

Petitioner, with the assistance of counsel, filed a PCR petition in the Malheur County Circuit Court alleging, among other things, that his direct appellate attorney was ineffective in failing to appeal the final 303-month sentence. Respondent's Ex. 110, ¶ 17. With defendant's stipulation, the

2 - FINDINGS AND RECOMMENDATION

trial court found that petitioner was entitled to a delayed direct appeal after his final sentence. Respondent's Ex. 155, ¶ 9. The delayed direct appeal was unsuccessful. Respondent's Ex. 165, 166.

In the same PCR petition, petitioner also named multiple other grounds for relief, including a claim that McKeen was ineffective based on his failure to subpoena two alibi witnesses, Sandra Rose ("Rose") and Katherine Ruiz ("Ruiz"), petitioner's mother and sister, respectively. Respondent's Ex. 110, ¶ 6(b). During petitioner's PCR trial, he offered an alibi from Rose, but nothing regarding Ruiz. Respondent's Ex. 154, indices b-c. The PCR court subsequently denied relief on all claims except for the stipulated direct appeal claim discussed in the previous paragraph. Respondent's Ex. 155, p. 6.

Petitioner, still with the assistance of PCR counsel, filed an appeal in the Oregon Court of Appeals. Respondent's Ex. 157. The Appellant's Brief did not assign error regarding McKeen's failure to subpoena Ruiz; it only discussed Rose. Respondent's Ex. 157, p.5. The Oregon Court of Appeals affirmed the PCR trial court without opinion, Respondent's Ex. 159, and the Oregon Supreme Court denied review. Respondent's Ex. 160.

Petitioner filed his Second Amended Petition for Writ of Habeas Corpus on November 21, 2011 in which he raises the following grounds for relief:

> Ground One:  Petitioner received ineffective assistance of trial counsel when counsel failed to subpoena Ruiz and Rose who would have testified that petitioner lived with them on the date of the alleged crimes:
>
> Ground Two:  Petitioner is actually innocent because the State used flawed methods of obtaining evidence through dubious interview techniques and unwarranted vouching in a case lacking any physical evidence.

3 - FINDINGS AND RECOMMENDATION

Respondent asks the court to deny relief on the Second Amended Petition on the bases that: (1) the portion of Ground One predicated on counsel's purported failure to call Ruiz is procedurally defaulted; (2) the state court reasonably denied relief on the portion of Ground One petitioner presented to it; and (3) the actual innocence claim is not cognizable in this court and it also lacks merit.

## DISCUSSION

### I. Exhaustion and Procedural Default

Respondent argues that petitioner failed to preserve the portion of Ground One pertaining to McKeen's alleged failure to subpoena Ruiz, thus the claim is ineligible for federal habeas corpus review.

A. Standard

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

4 - FINDINGS AND RECOMMENDATION

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

B. Analysis

As discussed in the Background of this Findings and Recommendation, a review of the record reveals that petitioner did not raise any PCR objection to McKeen's performance as it related to Ruiz in either his Appellant's Brief or Petition for Review. Instead, petitioner predicated his ineffective assistance of counsel claim solely on counsel's alleged failure to call Rose as a witness. Respondent's Ex. 157, p. 5; Respondent's Ex. 159, p. 3. Because petitioner may no longer present this portion of Ground One to the Oregon state courts, it is now procedurally defaulted.

C. Actual Innocence

It appears that petitioner seeks to excuse his procedural default by attempting to prove his actual innocence. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121

S.Ct. 1665 (2001).  The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence."  *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003).  The meaning of "newly presented" evidence is evidence that was not before the trial court. *Id.*

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.  *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040.  In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial."  *Schlup*, 513 U.S. at 332.

In assessing the adequacy of petitioner's showing, the court is not bound by the rules of admissibility that would govern at trial.  "Instead, the emphasis on 'actual innocence' allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial."  *Id.* at 327.  "The habeas court must make its determination concerning the petitioner's innocence in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial."  *Id.* at 328 (internal quotations omitted).  In rebutting petitioner's claim of actual innocence, respondent is not limited to the existing record and is permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented at trial.  *See Bousley*, 523 U.S. at 624 (addressing state's rebuttal in guilty plea case).

In this case, petitioner alleges that his conviction was based upon improper vouching for the victims' testimony and  improper interview techniques used with the victims.  Petitioner relies upon

6 - FINDINGS AND RECOMMENDATION

newer cases as to what constitutes improper vouching in Oregon, and he suggests that *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2001), supports his position because *Gandarela* entertained a *Schlup* claim based only on impeachment evidence.

*Gandarela* involved factual evidence that could potentially have impeached the specific witnesses who testified against the petitioner in that case. *Id.* Petitioner's broad challenges to the alleged witness vouching and allegedly improper interview techniques utilized with the victims does not affirmatively establish his factual innocence. As a result, petitioner is unable to excuse his procedural default and, to the extent Ground Two raises a freestanding claim of actual innocence, that claim should be denied because freestanding claims of actual innocence made pursuant to *Herrera v. Collins,* 506 U.S. 390 (1993) require even more convincing proof of innocence than those made pursuant to *Schlup*.

## II. The Merits

### A. Failure to Subpoena Rose

#### 1. Standard

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)**.**

7 - FINDINGS AND RECOMMENDATION

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

2. Analysis

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence

in the outcome of the trial.  *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

During petitioner's PCR trial, the State introduced an affidavit from McKeen in which he specifically addressed the decision not to subpoena Rose:

> 8.     It is petitioner's position that trial counsel failed to subpoena Witnesses Katherine Ruiz and Sandra Rose who would have testified that petitioner lived with them on the date of the alleged crime.
>
> These are witnesses whose testimony would have been general only, about living arrangements.
>
> 9.     It is petitioner's position that trial counsel failed to subpoena alibi witnesses at petitioner's trial. I subpoenaed all witnesses who would have added to the case. Petitioner's entire testimony went to exactly where he lived and when he moved, and it had nothing to do with whether he committed the crime. I told him that on many occasions, but he would not believe me. "I didn't do it, because I lived on Maple Street with dad and Rosie" just wouldn't have cut any mustard with anyone.

Respondent's Ex. 146, ¶¶ 8-9.

The sole evidence supporting petitioner's contention that Rose would have been a helpful witness is an eleven-page handwritten statement from Rose in signed in 2006, roughly four years after petitioner's trial. *See* Respondent's Ex. 135, p. 1. To the extent that the affidavit is decipherable, it is general in its subject matter, most of which pertains to issues unrelated to petitioner's connection with either of the victims. Moreover, it does not specifically address the offenses that were the subject of petitioner's trial until the final two pages, and it stops short of stating expressly that Rose would have testified on petitioner's behalf.

In light of the record before it, the PCR court made the following relevant factual determinations: (1) petitioner failed to present credible evidence that McKeen failed to conduct a reasonable investigation (Respondent's Ex. 155, ¶¶ 1, 3); (2) McKeen was credible, (*Id.*, ¶¶3, 16); (3) petitioner presented no credible evidence that Rose would have been ready and willing to offer relevant and material testimony (*Id.*, ¶4); and (4) petitioner was not credible (*Id.*, ¶ 15). Petitioner has not overcome these factual findings with of clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). Taking these factual findings as true, the PCR court's decision denying relief on Ground One was neither contrary to, nor an unreasonable application of, clearly established federal law.

III.    *Motion for Discovery*

After the court took this case under advisement, petitioner filed a Motion for Discovery (#46) seeking the production of his briefing from his state PCR action. This Motion should be denied because: (1) it is untimely; and (2) on May 18, 2010, the Attorney General's Office provided the documents petitioner requests (as required by the court's Scheduling Order), and the court has considered those documents in reaching its Recommendation in this case. Attorney General's Office as required by the court's Scheduling Order.

**RECOMMENDATION**

For the reasons set forth above, the Motion for Discovery (#46) and the Second Amended Petition for Writ of Habeas Corpus (#42) should be DENIED. In addition, the court should enter a judgment dismissing this case with prejudice, and decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

**SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge.  Objections, if any, are due by March 26, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 9th day of March, 2012.

_/s/ Patricia Sullivan_
Patricia Sullivan
United States Magistrate Judge

11 - FINDINGS AND RECOMMENDATION