IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

DAVID LEE ERICKSON,

    Petitioner,

        v.

MARK NOOTH,

    Respondent.

No. 2:09-cv-1227-SU
OPINION AND ORDER

David Lee Erickson
8095381
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914
    Pro se

John Kroger
Attorney General
Andrew D. Hallman
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, Oregon 97301
    Attorneys for Defendant

**SIMON, District Judge.**

Opinion and Order, Page 1

On March 9, 2012, Magistrate Judge Patricia Sullivan filed Findings and a Recommendation ("F & R") that the Second Amended Petition for Writ of Habeas Corpus (Doc. # 42) and the Motion for Discovery (Doc. # 46) be denied, and that the court enter a judgment dismissing the case with prejudice and decline to issue a Certificate of Appealability. (Doc. # 47). Petitioner has filed objections to the F & R (Doc. # 50); Defendants have not responded to the objections.

The matter is now before me pursuant to the Magistrates Act, 28 U.S.C. § 636(b)(1)(B), and Rule 72(b) of the Federal Rules of Civil Procedure. Under the Magistrates Act, the court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*; Fed. R. Civ. P. 72(b)(3); *Dawson v. Marshall,* 561 F.3d 930, 932 (9th Cir. 2009). De novo review means that the court "considers the matter anew, as if no decision had been rendered." *Dawson,* 561 F.3d at 933.

Petitioner objects that the Magistrate Judge did not address the basis of his actual innocence claim, for which Petitioner needs the assistance of counsel and an investigator. The court finds that the Magistrate Judge did address the actual innocence claim and correctly concluded that "Petitioner's broad challenges to the alleged witness vouching and allegedly improper interview techniques utilized with the victims" failed to make the requisite affirmative showing of factual innocence.

Petitioner also objects to the Magistrate Judge's conclusions as to exhaustion of claims.

Opinion and Order, Page 2

Petitioner retained Samuel McKeen ("McKeen") as defense counsel shortly before trial, after being dissatisfied with the legal representation provided by several previous attorneys. The Magistrate Judge found that Petitioner had failed to raise any PCR objection to McKeen's performance as it related to McKeen's failure to call as a witness Katherine Ruiz, petitioner's sister; instead, Petitioner predicated his ineffective assistance of counsel claim solely on the alleged failure of his counsel to call Sandra Rose, petitioner's mother, as a witness. The Magistrate Judge concluded that Petitioner had procedurally defaulted on the ineffective assistance claim as it related to Ruiz. The court finds no error here. The court finds no factual or legal error here on the part of the Magistrate Judge. Petitioner also asserts that the court should have granted his requests for discovery, along with appointing counsel, to give him a "reasonable opportunity to develop his claims by investigation and discovery and prove his innocence." The court finds this objection without merit.

The court ADOPTS the Magistrate Judge's F & R (Doc. # 47). The Second Amended Petition for Writ of Habeas Corpus (Doc. # 42) is dismissed with prejudice. The Motion for Discovery (Doc. # 46) is DENIED. The court declines to issue a Certificate of Appealability, on the ground that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253 (c)(2).

IT IS SO ORDERED.

Dated this 2nd day of May, 2012.

Michael H. Simon
United States District Judge